UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRADLEY N. HART,  

   Petitioner,

  v.

FRANCISCO JAQUEZ, warden,

   Respondent.

               /

No. C 09-2450 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

  Bradley N. Hart, an inmate at the Pelican Bay State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

  Hart states in his petition that he is serving a sentence of 25 years to life on a conviction in Los Angeles County Superior Court for murder. His petition does not challenge that conviction but instead challenges an April 4, 2006 decision by the Board of Parole Hearings ("BPH") to find him not suitable for parole. Hart apparently filed unsuccessful habeas petitions in the state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

1 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A
2 district court considering an application for a writ of habeas corpus shall "award the writ or issue
3 an order directing the respondent to show cause why the writ should not be granted, unless it
4 appears from the application that the applicant or person detained is not entitled thereto." 28
5 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are
6 vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.
7 Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

8 Hart alleges in his petition that the BPH's decision violated his federal right to due process
9 because it was not supported by sufficient evidence. Liberally construed, the petition states a
10 cognizable claim for a violation of petitioner's rights under the Due Process Clause of the U.S.
11 Constitution.

12 The court is aware that a decision in particular case pending in the Ninth Circuit may
13 provide guidance for the consideration of the petition. In Hayward v. Marshall, 9th Cir. Case
14 No. 06-55392, the panel's published decision, 512 F.3d 536 (9th Cir. 2008), was vacated when
15 rehearing en banc was granted on May 16, 2008. The en banc oral argument took place on June
16 24, 2008, and the parties have finished their original briefing, as well as two supplemental
17 rounds of briefing. There is no set date for a decision in the Hayward, however. Respondent
18 should not to seek a stay of this action pending a decision in Hayward. See Yong v. INS, 208
19 F.3d 1116, 1120-22 (9th Cir. 2000) (it is an abuse of discretion for a district court to stay a
20 habeas petition indefinitely pending resolution of a different case involving parallel issues on
21 the basis of judicial economy). As an alternative to a stay, the court will be receptive to a
22 reasonable request for an extension of time if a decision in Hayward is not issued by 30 days
23 before the date respondent's brief is due.

24 In his petition, Hart requested the appointment of counsel to represent him in this action.
25 A district court may appoint counsel to represent a habeas petitioner whenever "the court
26 determines that the interests of justice so require and such person is financially unable to obtain
27 representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the
28

discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987).  Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.  See id.  Based on the materials in the court file, it does not appear that appointment of counsel is necessary in this action.  The request for appointment of counsel is DENIED.

**CONCLUSION**

For the foregoing reasons,

1. The petition's due process claim warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 12, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 26, 2010**.  Petitioner's traverse may not exceed 20 pages in length.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 20, 2009

                                            SUSAN ILLSTON
                                          United States District Judge