UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY HART,<br><br>        Petitioner,<br><br>   v.<br><br>FRANCISCO JACQUEZ,<br><br>        Respondent.<br>_____/ | No. C 09-2450 SI (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

**INTRODUCTION**

This is a federal habeas corpus action filed by a pro se state prisoner pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition on grounds of untimeliness. (See Docket No. 5.) For the reasons set forth below, respondent's motion is GRANTED and the petition DISMISSED.

**BACKGROUND**

On April 4, 2006, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. This decision became final on August 2, 2006. (Resp't's Motion to Dismiss ("MTD"), Ex. 1 at 101.) In response to the Board's decision, petitioner sought, though was denied, relief on collateral state review. This federal habeas petition followed. Respondent moves to dismiss the petition as untimely in that it was filed outside of AEDPA's one year statute of limitations,

specifically on June 3, 2009, which is clearly more than a year after the Board's decision, and is therefore time-barred. (MTD at 1.)

**DISCUSSION**

**A.   Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

**B.   Timeliness of the Petition**

The following facts are undisputed. The Board found petitioner unsuitable for parole on April 4, 2006, and this decision became final on August 2, 2006. Petitioner, then, had until August 3, 2007 to file a timely federal habeas petition. Petitioner filed the instant petition on June 3, 2009. On this record, absent tolling, the petition is barred by AEDPA's statute of limitations, § 2244(d), because petitioner did not file by the August 3, 2007 deadline.

//
//
//

2

**C.    Statutory and Equitable Tolling**

**1.    Statutory Tolling**

Petitioner, a native and citizen of Canada, contends that he is entitled to tolling because his application for transfer to Canada was pending during the time in which he had to file a federal habeas petition. (Pet.'s Opp. to MTD ("Opp.") at 1–2.)[1] Petitioner, citing a U.S- Canada transfer treaty, contends that his transfer application would have been facially invalid if he had had any pending appeal or collateral attack on his sentence. (Id. at 2.) Because of this, petitioner contends, he did not file any state or federal habeas petitions during the pendency of his transfer application. (Id.) Petitioner did not file his first state habeas petition regarding his parole denial until August 6, 2007, which was roughly a month after the application for transfer had been denied.

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. See § 2244(d)(2). "State post-conviction or other collateral review" has been strictly construed to mean state court adjudications, including state court civil commitment orders or state court orders for civil contempt. Malcolm v. Payne, 281 F.3d 951, 961 (9th Cir. 2002). Such is the strict construction of these terms that even state petitions for pardons or clemency, being petitions to the state executive rather than to the state courts, are excluded from this definition. (Id. at 960.)

In the instant matter, petitioner is not entitled to statutory tolling for the time during which his transfer application was pending. First, the transfer application is not an application for review of the state court or state administrative judgment, i.e., the grant or denial of such an application does not affect the length or validity of the sentence or conviction. Rather, it is a request to be incarcerated by a different sovereignty. Second, even if the transfer application were a request for some form of review, the transfer decision would not have been a state court

---

[1] Petitioner titles this filing as a motion to dismiss respondent's motion to dismiss. For purposes of clarity, the Court refers to this filing as an opposition.

adjudication, but rather a decision issued by an executive branch.

Nor is petitioner entitled to statutory tolling for the time he pursued state collateral relief. As noted above, petitioner's first state habeas petition was filed on August 6, 2007, which was after the August 3, 2007 deadline for filing a timely federal habeas petition. A state habeas petition filed after AEDPA's statute of limitations ended, such as is the case here, cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Section 2244(d)(2) cannot "revive" the limitation period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Because petitioner filed his state habeas petitions after AEDPA's statute of limitations ended, and because his application for a transfer does not qualify as state post-conviction or other collateral review, he is not entitled to statutory tolling.

### 2. Equitable Tolling

The Court will now consider petitioner's contentions under the doctrine of equitable tolling.

Although the Supreme Court has never "squarely addressed" the question of whether equitable tolling is applicable to AEDPA's statute of limitations, see Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), the Ninth Circuit has held the one-year limitations period can be equitably tolled. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (finding § 2244(d) is a statute of limitations and not a jurisdictional bar). In the majority of cases, however, equitable tolling will not be available, because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Id. (internal quotation and citation omitted).

The Ninth Circuit has held the petitioner bears the burden of showing such "extraordinary exclusion" is applicable. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Further, to

4

be granted equitable tolling, the petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a federal habeas application timely, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034–35 (9th Cir. 2005).

Here, petitioner has not shown that he is entitled to equitable tolling. Specifically, petitioner has not shown that some extraordinary circumstance stood in his way. His choice to apply for a transfer rather than apply for federal habeas relief was a choice, not an extraordinary circumstance beyond his control. Case law supports such a conclusion. For example, the Ninth Circuit has held that a petitioner's choice to petition for clemency, though it means forgoing federal remedies, "was not beyond" petitioner's control. Malcolm, 281 F.3d at 963.

Nor is petitioner's lack of legal sophistication, as he contends, itself an extraordinary circumstance warranting equitable tolling. See Raspberry, 448 F.3d at 1154. Furthermore, his filings in this Court do not indicate that petitioner's putative lack of legal knowledge prevented him from adequately pursuing his legal rights.

In sum, petitioner is not entitled to equitable tolling.

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely (Docket No. 5) is GRANTED. The petition is hereby DISMISSED. Petitioner's motion to dismiss respondent's motion to dismiss (Docket No. 6) is DENIED on the same grounds as respondent's motion to dismiss was granted.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent, terminate the pending motions, and close the file.

This order terminates Docket Nos. 5 & 6.

**IT IS SO ORDERED**.

DATED: May 28, 2010

_____
SUSAN ILLSTON
United States District Judge